CHRISTIAN H. RIPPELMEYER *vs.* THE P. HAN-
SON HISS MANUFACTURING COMPANY ET AL.

*Money Had and Received—Sufficiency of Evidence—Rebate by Insur-
ance Broker.*

An insurance broker who had placed for some years a firm's fire in-
surance and allowed a rebate to the assured of 10 per cent, alleged
that he had made this allowance because he had been led to believe
that a third party, who had procured the business for him, received
this rebate from the assured.  Upon subsequently learning that the
rebate was retained by the assured, he sought to recover the amount
thereof.  *Held,* that the burden of proving these allegations was
upon the broker and that the evidence failed to establish the same.

Appeal from an order of the Circuit Court of Baltimore
City (WICKES, J.), sustaining exceptions to the claim of the
appellant.

The cause was argued before McSHERRY, C. J., FOWLER,
BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*John Watson, Jr.,* for the appellant.

*William H. Buckler,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.
This is an appeal from an order of the Circuit Court of
Baltimore City rejecting a claim filed by the appellant as a
creditor of the P. Hanson Hiss Co., whose assets were
being administered in equity under an assignment made by
it for the benefit of its creditors.

The appellant is an insurance broker, and in the course
of his business he placed all of the fire insurance of the
Hiss Co. from the year 1888 down to the latter part of 1895.
In procuring this insurance the appellant paid out of his
own money the premium on each policy as it was issued,

and then rendered monthly bills for the premiums so paid to the Hiss Co.  On the payment by the Hiss Co. to the appellant of each of these bills he allowed a rebate or deduction averaging about 10 per cent of the face of the bill. The total premiums on this insurance amounted to $14,047.50 and the rebate thereon amounted to $1,404.75.

The appellant in his testimony taken under the exceptions to his claim explained the allowance of this rebate as follows :  He said that Ernest Gittings, who had at one time been his clerk, met him on the street one day in 1888, after he had left his employment, and told him that he (the appellant) could get the placing of all of the insurance of the Hiss Co.  Upon application to that company the appellant was informed that he could have the procuring of the insurance, but the business must be conducted under the name of Ernest Gittings.  He agreed to these terms, understanding them to mean that Gittings was to receive a commission on the business, and he regularly thereafter allowed the 10 per cent rebate, when the monthly bills for insurance premiums were paid, under the impression that it was intended to go as a commission to Ernest Gittings, whom he then supposed to be a licensed insurance broker.  The books of account of the appellant were produced in evidence and the account of this insurance appeared thereon in the name of Gittings, who was charged with the premiums and credited with the commissions and with the cash from time to time paid by the Hiss Co. in settlement of the monthly bills.

The appellant further testified that about July, 1895, he discovered that Gittings was not a licensed broker and had not in fact been paid by the Hiss Co. the commissions allowed to them.  He then demanded a return from the Hiss Co. of the rebate or commission theretofore allowed, and his demand having been refused he attempted to recover the amount from that company by an action in *assumpsit*, Before this suit came to trial the company made an assignment for the benefit of its creditors, and the appellant proved his claim in the trust-estate case.

The auditor allowed the claim but it was excepted to by the Hiss Co. and also by certain of the creditors. Testimony was taken, under the exceptions, for and against the claim, and the Court after hearing the case passed the order sustaining the exceptions and rejecting the claim, from which this appeal was taken.

A careful examination of this testimony shows that it fails to sustain the appellant's contention and satisfies us that his claim was properly rejected by the Circuit Court.

William Tegeler, who was book-keeper of the Hiss Co. during the period covered by the insurance, was put upon the stand by the exceptants and he testified that he was familiar with all of the items of the appellant's account and that it was not correct, because it was distinctly understood by all parties to the transaction that the rebate allowed on the insurance premiums was to go to the benefit of the Hiss Co. in consideration of the fact that the appellant was given the control of the entire line of insurance of the company, and that Gittings never placed any part of the insurance, or claimed or received any part of the rebate. He further testified that the arrangement for the allowance of the rebate was verbal and was a private and confidential one, because under the rules of the board of underwriters an insurance broker is not permitted to make a rebate to the insured on premiums.

After the appellant had testified to his version of the transaction in the manner already stated in this opinion, the exceptant by way of rebuttal put on the stand the appellant's son, Albert, who had been employed in the office of his father during the time when the insurance in question was procured by him. He testified that he was familiar with the arrangement between his father and the Hiss Co. in reference to the allowance of the rebate on insurance premiums, and fully corroborated the account of it given by the witness Tegeler, and further said that his father, the appellant, fully understood the arrangement and that it was never intended that Gittings was to get any part of the rebate.

Ernest Gittings testified that he had no recollection what-ever of having consented to the use of his name in connec-tion with the transaction and that he was not aware of the fact that the business was being conducted in his name by the appellant.  A number of the monthly bills rendered by the appellant to the Hiss Co. for insurance premiums and the checks by which the bills were paid were put in evidence by the exceptants.  These bills were all made out for the full amount of the premiums, upon the printed bill-heads of the appellant, to the Hiss Co., Gitting's name nowhere ap-pearing upon them, and upon each bill appeared a memo-randum of the deduction of the rebate.  The checks of the Hiss Co. by which these bills were paid were drawn to the order of the appellant for the net amount of the bills, after deducting the rebate, and some of them were endorsed by him personally and others in his name by his son, who was in his employment.

It appears from the evidence that there had been a quar-rel between the appellant and his son Albert of several years standing when the testimony was taken, and an unfriendly *animus* on the part of the son toward his father is strongly suggested by some of his answers, but we do not feel au-thorized on that ground to reject his evidence, especially as it is largely corroborated in its material parts by that of Tegeler and is more consistent than the father's with that of Gittings.

The appellant filed the claim, and the obligation of estab-lishing it by satisfactory evidence was upon him under the well-known rule of evidence that the burden of proof is upon the party who substantially asserts the affirmative of the issue.  He has not only failed to do this in the present case but the preponderance of the evidence is plainly against the validity of his claim.

Exceptions were filed in the Court below by the appel-lant to much of the appellee's testimony upon the grounds of leading questions, hearsay and the order of its introduc-tion.  Some of these exceptions might be regarded as hav-

ing been well taken, but as we think that the portions of the testimony of which we have stated the substance were free from well-founded objections we do not deem it necessary to review the exceptions in detail or to remand the case. The order appealed from will be affirmed with costs.

*Order affirmed.*

(Decided January 9th, 1900).